In the Matter of JOHN A. MANNING, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 28, 1991

APPEARANCES OF COUNSEL

*Gary L. Casella (Sondra S. Holt* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by

the Appellate Division in the First Judicial Department on December 5, 1955. In this proceeding the Special Referee sustained the eight charges of professional misconduct alleged against the respondent. The petitioner moves to confirm the report of the Special Referee.

Charge one alleged that the respondent neglected a legal matter entrusted to him to the prejudice of his client. On February 16, 1988, the respondent represented his client at the closing on his sale of a cooperative apartment. The following day, the respondent represented the client at the closing on the purchase of a condominium apartment. Although the respondent was paid in full for both representations and promised to provide his client with complete written closing statements for each transaction, he failed to do so.

Charge two alleged that the respondent failed to communicate with his client regarding the status of the closing statements and an accounting with respect to $1,000 being held in escrow, despite letters of inquiry from his client dated November 1, 1988, and January 10, 1989.

Charge three alleged that the respondent misrepresented to his client the status of his legal matter. Between February 1988 and January 1989, the respondent, in response to his client's telephone calls, promised to forward the closing statements but failed to do so.

Charge four alleged that the respondent failed to maintain an escrow account or to produce, pursuant to judicial subpoena, a record of all deposits and withdrawals for his escrow account. On or about February 16, 1988, the respondent, incident to the sale of his client's cooperative apartment, was to hold $1,000 in escrow to cover potential repair costs. He failed to deposit those funds into an escrow account.

Charge five alleged that the respondent failed to account to his client for the $1,000 he was required to hold in escrow or to release those funds within one year of the closing, as required in the rider to the contract. The respondent finally paid his client the $1,000 by check dated May 18, 1989, drawn on the special account of a law firm with which he was not associated.

Charge six alleged that the respondent neglected another legal matter entrusted to him. On April 25, 1988, a mechanic's lien was filed against the respondent's client. In March 1989, the respondent indicated that the lien would be paid upon receipt of a satisfaction. Although the satisfaction was for-

warded to the respondent on March 16, 1989, the respondent failed to forward the moneys despite promises to do so.

Charges seven and eight alleged that the respondent failed to cooperate with the Grievance Committee in its legitimate investigations of the two complaints of professional misconduct referred to in charges one through six. On the first matter, the respondent failed to submit a written answer within 10 days, as he was requested to do so by letter from the Grievance Committee dated February 3, 1989, and within three days as requested in a certified letter dated March 3, 1989. The respondent was eventually served with subpoenas on May 4, 1989, and appeared at the Grievance Committee's office to testify on May 19, 1989. On the second matter, the respondent failed to submit a written answer within 10 days, as he was requested to do so by letter from the Grievance Committee dated July 27, 1989, and within three days as requested in a certified letter dated September 14, 1989.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of two years commencing July 1, 1991, and until further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent John A. Manning is suspended from the practice of law for a period of two years, commencing July 1, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of two years upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c)

that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent John A. Manning is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.